JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONEWEST BANK F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> DALE SABACKY and DOES 1-5, <br><br> Defendant. | No. CV 14-9308 DDP (FFMx) <br><br> ORDER SUMMARILY REMANDING ACTION TO STATE COURT AND PROHIBITING DEFENDANT FROM FILING ANY FURTHER NOTICE OF REMOVAL OF LOS ANGELES SUPERIOR COURT CASE NO. 13F10597 |

The Court will remand this action to state court summarily because Defendant removed it improperly.

On December 3, 2014, Defendant Dale Sabacky, having been sued in what appears to be a routine unlawful detainer action in California state court (Los Angeles Superior Court Case No. 13F10597), filed a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. Defendant has previously removed this same unlawful detainer proceeding on a prior occasion. On the prior occasion, this Court remanded the action noting that federal jurisdiction does not exist. (*See Onewest Bank, FSB v. Sabacky*, Case No. CV 14-2445 FMO (AJWx).)

The Court has denied the *in forma pauperis* application under separate cover because the action, again, was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court. Moreover, to prevent Defendant from further abusing the federal court to

1 | obstruct his state proceedings without any basis, the Court issues this order prohibiting
2 | him from filing any further notice of removal with respect to this unlawful detainer
3 | action.
4 |      Simply stated, as the Court has previously determined, Plaintiff could not have
5 | brought this action in federal court in the first place, in that Defendant does not
6 | competently allege facts supplying either diversity or federal-question jurisdiction, and
7 | therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah*
8 | *Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if
9 | complete diversity of citizenship existed, the amount in controversy does not exceed the
10 | diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the
11 | contrary, the unlawful-detainer complaint recites that the amount in controversy does not
12 | exceed $10,000.
13 |      Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See*
14 | 28 U.S.C. §§ 1331, 1441(b).
15 |      Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
16 | Superior Court of California, County of Los Angeles, 275 Magnolia, Long Beach, CA
17 | 90802 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the
18 | Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve
19 | copies of this Order on the parties.
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

IT IS FURTHER ORDERED that Dale Sabacky is prohibited from filing any further Notice of Removals of this case from state court without an Order of the Court or of the Chief Judge of the Central District of California allowing him to do so.

IT IS SO ORDERED.

DATED: December 15, 2014

DEAN D. PREGERSON
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

cc: order, docket, remand letter to
Los Angeles Superior Court,
South District, Long Beach, No. 13F10597